UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MANUEL BAEZ, | |
| Plaintiff | CIVIL ACTION NO. 3:24-CV-02070 |
| v. | (MEHALCHICK, J.) |
| CO DAVIS, *et al.*, | |
| Defendants. | |

**MEMORANDUM**

Plaintiff Manuel Baez, incarcerated at SCI-Rockview, has filed a *pro se* complaint under 42 U.S.C. § 1983, after he harmed himself with a razor given to him by prison staff. Pursuant to 28 U.S.C. § 1915A, the Court will permit Baez to proceed on Eighth Amendment deliberate indifference claims against Defendants CO Davis and CO Mackenzie, but dismiss all other claims without prejudice. The Court will grant Baez an opportunity to amend his complaint prior to serving the remaining parties.

**I.   BACKGROUND AND PROCEDURAL HISTORY**

On December 2, 2024, the Court received and docketed Baez's complaint (Doc. 1) and motion to proceed *in forma pauperis* (Doc. 2). Following an Administrative Order directing him to file a certified account statement and record of transactions (Doc. 5), Baez provided the requested documentation. (Doc. 6).

Baez's complaint alleges as follows: On August 21, 2024, Baez was incarcerated on "G-Block" at SCI-Rockview. Baez has been on a permanent razor restriction since 2017, for what he describes as "a chronic history of suicide attempts and self-harm." At 4:30 p.m., Davis and Mackenzie opened Baez's cell door to escort him to the shower. Davis told Baez

that the unit manager, Mr. Miller, wanted to get Baez "out of the way" because of a lawsuit Baez filed against Miller's "friends." Davis allegedly told Mackenzie to "get that razor for Baez so he can kill himself." While in the shower, Baez, "already stressed out" from other disputes with staff, intentionally cut himself in the leg with the razor, requiring 23 stitches.

The rest of Baez's complaint is difficult to parse, but he seems to allege that he has received inadequate mental health care at SCI-Rockview. He attaches various court documents and medical records from 2010 and 2017, which indicate that he was diagnosed with bipolar disorder and borderline personality disorder, had engaged in acts of self-harm, and was at continuing risk of self-harm.

Baez's complaint contains several pages of legal citations referring to a wide variety of legal theories, some with no apparent relationship to this case. Construing his complaint liberally, he pursues Eighth Amendment deliberate indifference claims against Davis, Mackenzie, and Miller, based on the razor incident. He requests declaratory relief, monetary damages, and an injunction requiring the DOC to (1) "give [Baez] his mental health stability back so he [can] receive treatment" and (2) transfer him a facility "better equipped to address his mental health needs."

## II.   28 U.S.C. § 1915A SCREENING

Under 28 U.S.C. § 1915A, the Court is obligated, prior to service of process, to screen a civil complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); *James v. Pa. Dep't of Corr.*, 230 Fed. App'x 195, 197 (3d Cir. 2007). The Court must dismiss the complaint if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010). The Court has a similar obligation with respect to actions brought

*in forma pauperis. See* 28 U.S.C. § 1915(e)(2). In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell*, 696 F. Supp. 2d at 471; *Banks v. Cty. of Allegheny*, 568 F. Supp. 2d 579, 588 (W.D. Pa. 2008).

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions which are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the amended complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the elements that make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions' . . . ." *Morse v. Lower*

3

*Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). Nor need the court assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the amended complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the United States*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

With these standards in mind, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Further, the Third Circuit has instructed that if a complaint is

vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

Baez alleges violations of federal constitutional rights committed by state officials, and therefore his claims fall under 42 U.S.C. § 1983. Section 1983 does not create substantive rights, but instead provides remedies for rights established elsewhere. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985). To succeed on a Section 1983 claim, a plaintiff must demonstrate that the defendants, acting under color of state law, deprived the plaintiff of a right secured by the United States Constitution. *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995). "A defendant in a civil rights action must have personal involvement in the alleged wrongs." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). "Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (quoting *Rode*, 845 F.2d at 1207).

### III. DISCUSSION

Baez seeks to hold all three defendants liable under the Eighth Amendment based on the razor incident on August 21, 2024. To state an Eighth Amendment claim based on failure to protect from self-harm, a prisoner must show that he was incarcerated under conditions posing a substantial risk of serious harm, and the official was deliberately indifferent to that substantial risk. *See Hayes v. Gilmore*, 802 F. App'x 84, 89 (3d Cir. 2020) (citing *Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012)). Under the deliberate indifference standard, the official "must actually have known or been aware of the excessive risk to inmate safety." *Beers-Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001).

5

A non-medical officer who knowingly fails to enforce an inmate's razor restriction may demonstrate deliberate indifference. *See*, *e.g.*, *Garcia v. Foulds*, No. 1:21-CV-138, 2022 WL 21769875, at *6 (M.D. Pa. Mar. 14, 2022), report and recommendation adopted, No. 1:21-CV-00138, 2022 WL 21769856 (M.D. Pa. Apr. 15, 2022). Here, Baez alleges that he was on a permanent razor restriction, and that Mackenzie nonetheless gave him a razor at Davis's direction, while the officers were escorting him to the shower. The complaint supports a plausible inference that Davis and Mackenzie, as officers working in the unit and tasked with escorting Baez to the shower, would have known of Baez's razor restriction. However, the complaint does not support any claim against Miller, the unit manager. Specifically, the bare allegation that Miller wanted Baez "out of the way"[1] does not support an inference that Miller had any personal involvement in Baez obtaining a razor.

To the extent Baez attempts to state a claim premised on inadequate mental health care generally, he does not explain what mental health care he has received or how that care has been inadequate. Further, it is unclear how these defendants would be personally involved in Baez's medical care, so the complaint states no claim against them on this ground. *See, e.g., Mueller v. Ctr. Cnty.*, No. 3:09-CV-1880, 2009 WL 4912305, at *8 (M.D. Pa. Nov. 23, 2009).

---

[1] Baez does not assert retaliation claims against any defendant, nor is any such claim supported by the complaint. A retaliation claim requires that the plaintiff's protected conduct was a "substantial or motivating factor" in a prison official's decision to take an adverse action against the plaintiff. *Wisniewski v. Fisher*, 857 F.3d 152, 156 (3d Cir. 2017). The complaint does not indicate that Miller himself took any adverse action against Baez. Nor does the complaint support a reasonable inference that a lawsuit against another officer's "friends" motivated Davis or Mackenzie to gave Baez a razor. There is no indication that Davis and Mackenzie were themselves involved in that lawsuit. *See Baez v. Henry*, No. 4:21-cv-00728-MWB (M. D. Pa. filed Apr. 20, 2021); *see also Nunez v. Wetzel*, No. 1:21-CV-01484, 2023 WL 2385931, at *5 (M.D. Pa. Mar. 6, 2023) (listing dismissals of retaliation claims in which the alleged retaliator was not the target of the protected activity).

Accordingly, Baez's claims for injunctive relief regarding his mental health care will be dismissed without prejudice.

## IV. CONCLUSION

The Court will grant Baez's motion to proceed *in forma pauperis* (Doc. 2), grant Baez leave to proceed on Eighth Amendment claims against Davis and Mackenzie, and dismiss all other claims without prejudice, with leave to file a proposed amended complaint. An appropriate Order follows.

Dated: January 13, 2025    *s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**