**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MANUEL BAEZ, | |
| Plaintiff | CIVIL ACTION NO. 3:24-CV-02070 |
| v. | (MEHALCHICK, J.) |
| CO DAVIS, *et al.*, | |
| Defendants. | |

**MEMORANDUM**

Manuel Baez, a prisoner litigating *pro se* and *in forma pauperis*, proceeds on Eighth Amendment claims arising from an incident in which he was permitted to possess a razor despite his "razor restriction" and deliberately cut himself. He has filed motions requesting appointment of counsel and "a new judge." For the following reasons, his request for appointment of counsel for trial will be conditionally granted, but all further relief will be denied.

## I. BACKGROUND

On January 23, 2026, the Court denied the parties' motions for summary judgment on Baez's Eighth Amendment claims against two prison officers. On February 19, after a status conference at which all parties expressed a willingness to attempt mediation, the Court referred the matter for mediation and set a date for trial. (Doc. 64, Doc. 65). On February 27, Baez filed a motion requesting appointment of counsel "for the mediation stage and/or trial." (Doc. 67). On April 24, with Baez's motion pending, the mediator reported that the parties had not reached a settlement. (Doc. 73). On April 29, the Court received a motion in which

Baez made another request for appointed counsel and further requested "a different judge to handle the trial of this case." (Doc. 74).

## II.   REQUEST FOR RECUSAL

The undersigned construes Baez's request to "appoint . . . a new judge" as a request for recusal. "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." 28 U.S.C. § 144. Moreover, "[a]ny justice, judge, or magistrate judge of the United States shall disqualify [themselves] in any proceeding in which [their] impartiality might reasonably be questioned," 28 U.S.C. § 455(a), or in any proceeding where the judge "has a personal bias or prejudice concerning a party," 28 U.S.C. § 455(b)(1). [1]

Regardless of whether a party seeks relief "under § 144 alone or also [seeks] recusal under 28 U.S.C. § 455, legal rulings, even if erroneous, 'alone almost never constitute a valid basis for a bias or partiality motion.'" *United States v. Icker*, No. 23-2255, 2023 WL 6457821, at *2 (3d Cir. Oct. 4, 2023) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)); *see also Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 278 (3d Cir. 2000) ("We have repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal.").

In this case, even if the undersigned were to consider Baez's motion as a "verified statement" equivalent to an affidavit, *see* 28 U.S.C. § 1746, there is no basis for recusal in this

---

[1] The statute lists other specific circumstances that would require recusal, none of which are applicable to Baez's arguments. *See* 28 U.S.C. § 455(b).

case. Baez has three main complaints[2]: First, he objects to the undersigned's April 1, 2026, findings regarding a motion and a check that he contends were improperly withheld from the docket. *See* (Doc. 71). Baez claims that the undersigned "did not document that motion" and "returned [his] check without copies." As explained in that order, the alleged motion was not docketed because the Court's records do not indicate that the Court received the motion or check. The undersigned does not personally process mail or checks from litigants, but a review of the docket and inquiry with Court personnel confirmed that no such mailing had been received. Baez presents no evidence to the contrary. Despite his frustration with the fact that his mailing was apparently lost or returned, this incident does not demonstrate judicial bias or prejudice.

Next, Baez objects that the undersigned "never answered or considered" his motion for appointment of counsel in advance of the mediation. As further explained below, Baez has no right to volunteer legal services in a civil case, and such appointments are generally made only in "special circumstances." *See Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984). Here, the record showed that Baez was able to engage in mediation on his own. For example, while Baez claimed that he had "no experience . . . to conduct a fair settlement," the Court's review revealed that in 2023, he achieved a settlement *pro se* in a case in the Western District of Pennsylvania, premised in part on similar allegations that he cut himself with a razor improperly given to him by a prison officer. *See Baez v. Froelich*, No. 1:20-CV-00148-RAL, 2023 WL 131432 (W.D. Pa. Jan. 9, 2023); *see also id.*, (Docs. 146, 148, 150-154) (settlement

---

[2] Baez also refers to a prior motion for recusal in which he purportedly identified "favoritism and contradiction" in the undersigned's orders. The undersigned addressed those arguments in an order denying that motion. *See* (Doc. 52).

conference before Magistrate Judge Richard A. Lanzillo, followed by direct negotiations with opposing counsel). Baez's motion remained pending because it also requested appointment of counsel for trial, which is a more demanding endeavor for a *pro se* litigant, and which was more properly considered after the mediation. Regardless, allegations of delay in resolving a motion would not be grounds for recusal. *See*, *e.g.*, *Talbert v. Pennsylvania*, No. 3:23-CV-1338, 2025 WL 984394, at *11 (M.D. Pa. Mar. 31, 2025) (listing cases).

Baez now claims that the lack of counsel left him at an "extreme disadvantage" in the mediation, and he expresses dissatisfaction with Defendants' settlement offer, defense counsel's rejection of Baez's own "incentives" for settlement, and alleged comments by counsel and the mediator. However, disagreements among the parties are routine in mediation, and Defendants were not obligated to accept Baez's offer, regardless of whether he was represented by counsel. The undersigned had no substantive involvement in the mediation, and none of Baez's complaints about the mediation indicate judicial bias or prejudice.

## III.    REQUEST FOR APPOINTMENT OF COUNSEL

Turning to the issue of appointment of counsel for trial, a plaintiff has no constitutional or statutory right to appointed counsel in a civil case. *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). Under the *in forma pauperis* statute, however, a court may request that an attorney represent an indigent person on a *pro bono* basis. *See* 28 U.S.C. § 1915(e)(1); *see also Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). Appointment of *pro bono* counsel to represent an indigent civil litigant "is usually only granted upon a showing of special circumstances indicating the likelihood of substantial prejudice," such as the litigant's "probable inability without such assistance to present the

4

facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984). "As a threshold matter, a district court must assess whether the claimant's case has some arguable merit in fact and law." *Montgomery*, 294 F.3d at 498-99. If the plaintiff overcomes this threshold hurdle, the court considers the following factors:

> (1)  the plaintiff's ability to present his or her own case;
> (2)  the complexity of the legal issues;
> (3)  the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
> (4)  the plaintiff's ability to retain counsel on his or her own behalf;
> (5)  the extent to which a case is likely to turn on credibility determinations, and;
> (6)  whether the case will require the testimony of expert witnesses.

*Tabron*, 6 F.3d at 155-57. This list of factors is non-exhaustive, and no single factor is determinative. *Montgomery*, 294 F.3d at 499 (citing *Parham*, 126 F.3d at 458). Instead, these factors serve as guideposts for the district courts to ensure that the precious commodity of volunteer attorney time is not "wasted on frivolous cases." *Montgomery*, 294 F.3d at 499.

Baez's Eighth Amendment claims have survived summary judgment, *see* (Doc. 58, Doc. 59), and therefore have arguable merit in fact and law. There are factual disputes as to whether Defendants were aware that Baez was on a razor restriction when they permitted him to have a razor, and the circumstances under which they gave him the razor, which suggests that credibility determinations may be required at trial. While Baez is a prolific filer, he indicates that he has less than a high school education and has mental health issues that may affect his ability to present his case at trial. *See* (Doc. 67). Although he was able to participate in the mediation, the Court's review of the record indicates that Baez's investigation and presentation of these issues at trial may be enhanced by appointed counsel.

## IV.    CONCLUSION

For the foregoing reasons, the Court will deny Baez's request for recusal but conditionally grant his motion for appointment of counsel. Baez is cautioned that if the Court is unable to find *pro bono* counsel who will volunteer to represent him, he will be required to continue with his case *pro se*. An appropriate order follows.


**Dated: May 4, 2026**                                   *s/ Karoline Mehalchick*
                                                         **KAROLINE MEHALCHICK**
                                                         **United States District Judge**